# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER R. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-2805-RJD |
| | ) | |
| | ) | |
| LT. ROBINSON, LT. JACK, | ) | |
| SERGEANT JOHN DOE #1, JOHN | ) | |
| DOE #2 PLACEMENT OFFICER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Christopher R. Price, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was housed at Centralia Correctional Center. In the Complaint, Price alleges Defendants failed to protect him from an inmate assault in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Price makes the following allegations: On February 25, 2022, Price was released from segregation at Centralia Correctional Center (Doc. 1, p. 16). He informed John Doe #1, a sergeant who worked the 7:00 a.m. to 3:00 p.m. shift, that he could not be released to East 3 cellhouse because there was an individual in the cellhouse who harassed him due to Price being a homosexual (*Id*.). Price also indicated that he was on the vulnerable list (*Id*. at p. 18). Price does not identify this individual in his Complaint. John Doe #1 talked to John Doe #2, a placement officer, but ultimately told Price that there was no room in any other cellhouse and he would have to go to East 3 (*Id*. at p. 16). Price spoke to Lieutenant Jack about the situation, but Lt. Jack indicated that there were no protective custody cells at Centralia for Price (*Id*.). Price also spoke to Lt. Robinson but was again told that he had to transfer to East 3 (*Id*.).

Price transferred to East 3 and learned that he would be on the same side of the cellhouse as the individual with which he had a conflict (*Id*. at p. 17). Price informed the commanding officer in East 3 that being in the same cellhouse would be a problem for him, but he was still placed in the cellhouse. The individual approached Price and started harassing him. Price informed an officer that the living situation would not work with the individual at issue. Price returned to his cell to retrieve his property and the individual attacked him, punching Price in the face several times (*Id*.). Price received

serious injuries to his face, including a cut on the left side of his eye and a substantial
fracture in his face (*Id.* at pp. 17-18).

**Discussion**

Based on the allegations in the Complaint, the Court designates the following
count:

> **Count 1:** **Eighth Amendment failure to protect claim against John Doe #1, John Doe #2, Lt. Jack, and Lt. Robinson for transferring Price to the cellhouse despite knowing that he was on the vulnerable list and faced threats from a specific individual in the cellhouse.**

The parties and the Court will use these designations in all future pleadings and orders,
unless otherwise directed by a judicial officer of this Court. **Any other claim that is
mentioned in the Complaint but not addressed in this Order should be considered
dismissed without prejudice as inadequately pled under the *Twombly* pleading
standard.**[2]

To state an Eighth Amendment failure to protect claim, a prisoner must allege that
(1) "he is incarcerated under conditions posing a substantial risk of serious harm," and
(2) defendants "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d
904, 909 (7th Cir. 2005). A plaintiff also must prove that prison officials were aware of a
specific, impending, and substantial threat to his safety, often by showing "that he

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon
which relief can be granted if it does not plead "enough facts to state a claim to relief that is
plausible on its face").

complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

At this stage, Price states a viable failure to protect claim against John Doe #1, John Doe #2, Lt. Jack, and Lt. Robinson. Thus, Count 1 shall proceed against all Defendants. The Court also **ADDS** Daniel Monti, in his official capacity only as the warden of Centralia, to respond to discovery aimed at identifying the John Does.

### Disposition

For the reasons stated above, Count 1 shall proceed against John Doe #1, John Doe #2, Lt. Jack, and Lt. Robinson. Daniel Monti is **ADDED**, in his official capacity only, to identify the John Does.

The Clerk of Court shall prepare for Defendants Lt. Jack, Lt. Robinson, and Daniel Monti (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Price. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Price, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending

4

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. As Daniel Monti is added to the case only to respond to John Doe discovery, he need not file a responsive pleading. Once Monti enters his appearance, the Court will enter a John Doe discovery order providing additional information on the John Doe discovery process.

If judgment is rendered against Price, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Price is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result

in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/12/2023**

>                    */s/ Reona J. Daly*
>                    **REONA J. DALY**
>                    **U.S. Magistrate Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**