IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 22-cv-2805-RJD |
| | ) |
| | ) |
| IRA JACK and JASON ROBINSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC") at Centralia Correctional Center ("Centralia"), filed this lawsuit pursuant to 42 U.S.C. §1983 on December 2, 2022. Doc. 1. He alleged that he was released from segregation at Centralia Correctional Center ("Centralia") on February 25, 2022 and informed two John Doe correctional officers during the 7:00 a.m. to 3:00 p.m. shift that he could not be released to the East 3 cellhouse because an inmate resided there who constantly harassed Plaintiff (due to his sexual orientation). *Id*., p. 16. Plaintiff told one of the John Doe correctional officers that he was on the vulnerable list. *Id*. Plaintiff also spoke with Defendants Jack and Robinson (both lieutenants) who told Plaintiff there were no protective custody cells at Centralia and that Plaintiff had to transfer to East 3. *Id*. Later that day (February 25, 2022), the inmate assaulted Plaintiff. *Id*., p. 17.

When Plaintiff filed this lawsuit, he was incarcerated at Big Muddy Correctional Center ("Big Muddy"). *Id*., p. 1. On April 25, 2023, Plaintiff notified the Court that he had been released from IDOC and provided his new address. Doc. 14. Shortly thereafter, the Court conducted its threshold review pursuant to 28 U.S.C. §1915A and this case proceeded on the following claim:

1

>  Count 1:   Eighth Amendment failure to protect claim against John Doe #1, John Doe #2, Ira Jack, and Jason Robinson for transferring Plaintiff to the East 3 cellhouse despite knowing that he was on the vulnerable list and faced threats from a specific individual in the East 3 cellhouse.

The Court added the warden of Centralia in his official capacity only for the purpose of identifying the John Does. Doc. 16. On August 18, 2023, Plaintiff was ordered to provide information to the Warden "aimed at identifying the John Doe Defendants" by September 18, 2023. Doc. 29. Plaintiff did not provide any information to the Warden by that date, so the Warden sent him a staff roster for the 7:00 a.m. to 3:00 p.m. shift for February 25, 2022. Doc. 30. The Court had ordered Plaintiff to file a motion to substitute the John Does for specific individuals by October 18, 2023; Plaintiff missed that deadline and on December 13, 2023, the Court dismissed Plaintiff's claims against the John Doe defendants without prejudice. Doc. 31.

Defendants Jack and Robinson now move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Docs. 38-41.[1] Defendants provided Plaintiff with notice (as a pro se party) of the consequences for failing to respond to a motion for summary judgment). *Timms v. Frank*, 953 F.2d 281, (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Plaintiff never responded. It has now been nearly two years since Plaintiff filed anything in this case.

## Administrative Remedy Process

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have

---

[1] Four days after filing their motion, Defendants moved for leave to submit affidavits from the grievance officer at Centralia and from a representative of the Administrative Review Board. Defendants' Motion for Leave (Doc. 41) is GRANTED.

been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, an inmate is only required to exhaust the administrative remedies that are available to him. *Lewis v. Washington,* 300 F.3d 829,833 (7th Cir. 2002).

**Plaintiff's Grievance Records**

Defendants attached Plaintiff's grievance records from the Administrative Review Board and Centralia Correctional Center to their Motion. Those records reflect that the first grievance received from Plaintiff by Centralia staff was dated August 8, 2022; in that grievance, Plaintiff stated that he received a bill for medical treatment at an outside hospital following the February 25, 2022 assault by the inmate in East 3 cellhouse. Docs. 39-3, 39-5. This grievance does not identify either Defendant Robinson or Jack, nor does it mention Plaintiff's concerns or conversations prior to being placed in East 3 cellhouse regarding the inmate who had previously harassed him. Doc. 39-5, p. 48. Plaintiff's counselor responded to the grievance on November 1, 2022, but Plaintiff had already transferred to Big Muddy. *Id.*

Plaintiff submitted five additional grievances at Centralia in August and September 2022, but it appears that he transferred to Big Muddy prior to October 1, 2022. Doc. 39-1, p. 14; Doc. 39-3; Doc. 41-2. On October 2, 2022, Plaintiff submitted a grievance at Big Muddy that includes the allegations in this lawsuit: that he was released from segregation on February 25, 2022 and he told multiple correctional officers (including Defendants Jack and Robinson) that he could not safely be placed in East 3. Doc. 39-1, pp. 13-16. Plaintiff also stated that he "wrote a[n] emergency grievance on this incident on 2-28-2022 in Centralia Correctional Center…I did not even get a notice saying they receive[d] my grievance" and he was "requesting my original grievance that I filed on 2-28-2022 just like this grievance that had statement of facts on it." *Id.*, pp. 15, 16. The warden at Big Muddy denied the grievance, finding that "the grievance is outside of the jurisdiction of this facility. Per DR 504.870, this grievance should be submitted directly to the ARB." *Id.*, p. 13.

Plaintiff sent the October 2, 2022 grievance to the ARB. *Id.*, p. 12. However, the ARB declined to address it, finding that the grievance was "outside of the 60 day time frame outlined in DR504(F)." *Id.*

**Discussion**

The record before the Court reflects that Plaintiff did not exhaust his administrative remedies regarding his allegations in this case against Defendants Jack and Robinson. The issue before the Court therefore is whether the record reflects that the administrative remedy process was available to Plaintiff. To resolve this issue, the Court considers Plaintiff's Complaint and the evidence attached to Defendants' Motion because Plaintiff did not respond to the Motion for Summary Judgment. In his Complaint, Plaintiff stated that "Centralia Correctional Center is with[holding] my original grievance so I rewrote the grievance in Big Muddy River Facility and exhaust[ed] my administrative remedies." Doc. 1, p. 9. Plaintiff also attached the October 2, 2022 grievance to his Complaint. The Court notes Plaintiff's statement in the October 2, 2022 grievance that "I wrote a[n] emergency grievance on this incident on 2-28-2022 in Centralia Correctional Center…I did not even get a note saying they receive[d] my grievance." Doc. 1, p. 13.

Plaintiff's grievance log from Centralia Correctional Center and an affidavit from a grievance officer reflect Plaintiff submitted six grievances (including an emergency grievance) at Centralia Correctional Center in 2022, but none within 60 days of February 25, 2022. Doc. 41-2, ¶8; Doc. 39-3. Viewing the evidence in the light most favorable to Plaintiff, the Court assumes that Plaintiff attempted to submit an emergency grievance on 2-28-2022, but nothing in the record indicates that Centralia was "withholding" the grievance instead of documenting it and responding to it like Plaintiff's other grievances at Centralia in 2022. *Id*. Instead, the only reasonable inference from the evidence is that prison officials did not receive the grievance. Doc. 41-2, ¶8. The evidence likewise reflects that Plaintiff knew or had reason to know that prison officials did not receive the grievance because (as he stated in the October 2, 2022 grievance) he never received a note acknowledging the grievance. Doc. 39-1, p. 13. Plaintiff did not attempt to submit another grievance until seven months later and when he was at a different prison. *Id*. Under these facts, the Court cannot infer that the

administrative process was unavailable to Plaintiff.  *See Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005).  By failing to take advantage of the procedure offered by Centralia, Plaintiff failed to exhaust his administrative remedies.

## Conclusion

Defendants' Motion for Summary Judgment (Doc. 38) is GRANTED. Plaintiff's claim against Defendants Jack and Robinson is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust his administrative remedies.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 11, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**